RECEIVED
2009 OCT -7 P 3:41

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clyde J. Taylor, | C. A. No. 2:08-3930-MBS-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Clyde J. Taylor, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g) (2003)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

### ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on January 24, 2006, alleging that he became disabled on August 1, 2005, due to left foot problems. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on September 22, 2007. On May 29, 2008, a hearing was held at which the plaintiff appeared with counsel, Christine Taylor, his wife, and Robert E. Brabham, Jr., a vocational expert. (Tr. 18-38.)

The administrative law judge considered the case de novo, and on June 19, 2008, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 10-17.) The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 9, 2008.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since August 1, 2005, the alleged onset date [20 C.F.R. §§ 204.1520(b), 404.1571 (2009)]. . . .
>
> 3. The claimant has the following severe impairment: degenerative joints disease of the left ankle status-post subtalar joint arthrodesis [20 C.F.R. § 404.1520(c)]. . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 [20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526]. . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to: sit for 6 hours of an 8-hour day; stand/walk for 2 hours of an 8-hour day; frequently lift/carry light items; occasionally lift 20 pounds; occasionally climb ramps and stairs, kneel, crouch or crawl; and never climb ladders, scaffolding or ropes or be exposed to hazards. He would also require a sit/stand option at will. . . .
>
> 6. The claimant is unable to perform any past relevant work [20 C.F.R. § 204.1565]. . . .

      7. The claimant was born on August 4, 1958, and was 47 years old, which is defined as a younger individual age 45-49, on the alleged onset date [20 C.F.R. § 404.1563].

      8. The claimant has a limited education and is able to communicate in English [20 C.F.R. § 404.1564].

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills [See SSR 82-41; 20 C.F.R. Part 404, Subpart P, Appendix 2].

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform [20 C.F.R. §§ 404.1506(c), 404.1566]. . . .

      11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2005 through the date of this decision [20 C.F.R. § 404.1520(g)].

(Tr. 12-17.)

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months."

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

### QUESTIONS PRESENTED

By brief the plaintiff posited the following questions:

> 1. Did the administrative law judge properly find that the plaintiff was not disabled under the grids when the plaintiff turned fifty years old six weeks after the date of the hearing decision and, at that time, he would have been disabled under Section 201.10 of Appendix 2, Subpart P, Regulations No. 4 of the Grids?
>
> 2. Did the administrative law judge properly find that the plaintiff did not meet or equal Listing of Impairments 1.02 for major dysfunction of a joint due to any cause and/or 1.03 Reconstructive surgery or surgical arthrodesis of a major weight bearing joint?
>
> 3. Did the administrative law judge correctly assess the Plaintiff's credibility and subjective allegations of disabling pain.

### Age and the Grids

In determining whether a person is considered disabled at the final step of the sequential process, the administrative law judge is to consider the person's age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1560(c). The Commissioner has explained how age affects disability determinations under the Medical-Vocational guidelines, the grids, thusly:

> How we apply the age categories.
> When we make a finding about your ability to do other work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a

5

> few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563 (b). If the plaintiff in this case was considered a "younger individual," he would be found "not disabled" under Rule 201.19. However, if the plaintiff was considered "closely approaching advanced age," he would be considered "disabled" under Rule 201.10.

The plaintiff was forty-nine years ten and one-half months old on the date of the administrative law judge's decision. (Tr. 85.) His date of birth is August 4, 1958 (id.), and the administrative law judge's decision was dated June 19, 2008 (Tr. 17). Therefore, the plaintiff turned fifty years old approximately six weeks after the date of the administrative law judge's decision. The administrative law judge did not consider the plaintiff's age appropriately. The only reference to the plaintiff's age was the comment, "This claimant was born on August 4, 1958 and 47 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563)." (Tr. 16). Of course, it is the date of administrative law judge's decision which is relevant, and at that time the plaintiff was just a few weeks away from being age 50. Therefore the administrative law should have considered whether to use the older category, "closely approaching advanced age".

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case remanded to the Commissioner to consider whether the plaintiff should be treated as a person "closely approaching advanced age" for disability determination purposes. See Melkonyan v. Sullivan, 501 U.S. 89, 111 S. Ct. 2157 (1991). On remand, the Commissioner, if necessary, should also reconsider and explain whether the plaintiff met or equaled Listing of Impairments 1.02 and/or 1.03 and the basis upon which the plaintiff's credibility is evaluated.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October 7, 2009